UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOYCE LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.   1:16-cv-01435-JBM-JEH |
| | ) |
| PUTNAM COUNTY SHERIFF'S | ) |
| DEPARTMENT, WILLIAM MUCCI, | ) |
| and DAVID LEIGH, | ) |
| | ) |
| Defendants. | |

## ORDER & OPINION

This matter is before the Court on Plaintiff Joyce Lane's Motion for Leave to Proceed in Forma Pauperis (Doc. 2). For the reasons stated below, Plaintiff's motion is granted and Plaintiff may proceed in forma pauperis.

The Court grants Plaintiff's Motion to Proceed in forma pauperis. Title 28 U.S.C. § 1915 provides that a civil proceeding may proceed without prepayment of the filing fee. Our Appellate Court has held that "[t]he privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In support of her Motion, Plaintiff states under the penalty of perjury that she has an income of $1,600 per month and expenses of $1,146. (Doc. 2 at 1-2). She also states that she has about $1,200 in her checking or savings account; but also that she owes about $9,245 in outstanding debts. Based on Plaintiff's submission, the Court concludes that she is entitled to proceed in forma pauperis.

Under 28 U.S.C. § 1915(e)(2), the complaint of a plaintiff seeking to proceed in forma pauperis must be dismissed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When evaluating whether a pro se plaintiff has stated a claim under § 1915(e)(2)(B) de novo, courts use the same standards as that which apply to Rule 12(b)(6) dismissals. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff. *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A plaintiff need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 733, 776-77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a pro se complaint is to be construed liberally and held to "less stringent standards than a formal pleadings by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). At this stage of the litigation, the Court does not find that Plaintiff's Complaint should be dismissed.

Plaintiff alleges that Putnam County Sheriff's Department, William Mucci, and David Leigh violated her rights under 42 U.S.C. § 1983 by depriving her of her property and evicting her from home without due process of the law. Section 1983 states that:

> "[E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. § 1983. Therefore, in order to state a § 1983 claim, a plaintiff must allege a "violation of a right secured by the constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, while a private citizen cannot ordinarily be held liable under a § 1983 claim, if a private citizen "conspires with a state actor, then the private citizen is subject to Section 1983 liability." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1016 (7th Cir. 2000).

The county sheriff's department is a suable entity under §1983. *Ruffino v. Sheahan*, 218 F.3d 697, 700 (7th Cir. 2000) (citing *Scott v. O'Grady*, 975 F.2d 366, 370 (7th Cir. 1992)). In order to state a § 1983 against a governmental entity, plaintiff must allege that its actions amount to an "official custom or policy." *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). A municipality may also be liable under § 1983 if the alleged actions reflect a "practice of state officials so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). An official policy or custom may be proven via three methods: (1) an express policy of the municipality, (2) a practice that is so widespread and permanent that it is considered a custom or usage of the municipality, or (3) the actor is a person with final policymaking authority in the municipality. *Wragg v. Vill. of Thornton*, 604 F.3d 464, 468 (7th Cir. 2010) (internal citations omitted). Additionally, when alleging a *Monell* claim, a plaintiff need only meet the usual pleading requirements of Fed. R. Civ. P. 8(a); plaintiff does not need to meet a heightened standard. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014)

(reaffirming *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)).

At this stage of the litigation, the Court finds that Plaintiff has alleged the minimum required for alleging a § 1983 claim. Plaintiff alleges that Defendant Leigh changed the locks on her house and added a padlock without her permission. (Doc. 1 at 5). Plaintiff alleges that the Putnam County Sheriff's Department made no report of the changed locks and told her to "just 'break in the house if it was [hers].'" *Id.* Plaintiff then alleges that Defendant Mucci reported her breaking into the house, which he claimed was his. *Id.* Deputy Kepinski, of the Putnam County Sheriff's Department, then removed her belongings from the house without a court eviction order. *Id.* Plaintiff claims that Defendants Leigh and Mucci gave Kepinski a key to her house to allow him to remove her possessions. *Id.* Plaintiff needed only to assert facts sufficient to give the defendants notice of the claims. Plaintiff has done just that. *Id.* Plaintiff alleges that a municipal actor has conspired with private parties to deprive her of her property and evict her from her home without due process. *Id.* The Court cannot currently find that the Plaintiff's Complaint should be dismissed.

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is GRANTED. Plaintiff has met the requirements to state a claim against Defendants under 42 U.S.C. § 1983.

The Court directs the Clerk to prepare a summons and copy of the Complaint for the United States Marshal, who is DIRECTED to serve it on Defendants in accordance with Federal Rule of Civil Procedure 4.

Entered this _17th_ day of November, 2016.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States Senior District Judge