UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOYCE LANE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PUTNAM COUNTY SHERIFF'S ) <br> DEPARTMENT, WILLIAM MUCCI, ) <br> and DAVID LEIGH. ) <br> ) <br> Defendants. ) | Case No.   1:16-cv-01435-JBM-JEH |

# **ORDER & OPINION**

This matter is before the Court on a *sua sponte* review under 28 U.S.C. § 1915(e). For the reasons stated below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and her claims must be dismissed.

### I. PROCEDURAL HISTORY

On November 8, 2016, Plaintiff filed this complaint under 42 U.S.C. § 1983 alleging that Defendants Leigh, Mucci, and the Putnam County Sheriff's Department had violated her constitutional rights by forcefully evicting her from her home. (Doc. 1). Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2). On November 17, 2016, the Court granted Plaintiff's motion for leave to proceed in forma pauperis. (Doc. 3). The Court also performed a screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 3). The Court found that based on the Complaint, the Court could not find at that stage in the litigation that Plaintiff had failed to state a claim upon which relief could be granted. (Doc. 3 at 2).

On March 14, 2017, Plaintiff filed an exhibit to her Complaint. (Doc. 28). The exhibit was an additional eight pages of factual pleadings pertaining to the Complaint. (Doc. 28). Because of the additional facts, it appeared to the Court that the Plaintiff may have pled herself out of Court by establishing that her claims are not redressable. Therefore, on March 28, 2017, the Court issued an order requiring Plaintiff to show cause as to whether she had failed to state a claim upon which relief could be granted. *See* Mar. 28, 2017 Text Order. On April 6, 2017, Plaintiff filed her response to the order to show cause. (Doc. 31). The Court now reviews Plaintiff's Complaint, her additional facts, and her response to the show cause order pursuant to 28 U.S.C. § 1915(e).

## II. LEGAL STANDARDS

The complaint of a plaintiff proceeding in forma pauperis must be dismissed *at any time*, if the Court deems that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When evaluating whether a pro se plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff. *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A plaintiff need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, a pro se complaint is to be construed liberally and held to "less stringent standards than a formal pleadings by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

There are two ways a plaintiff can find his or her case dismissed for failing to state a claim upon which relief may be granted. The first is if the plaintiff did not allege enough facts to state a claim that would be plausible on its face. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially plausible, a complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The second is if he or she pled facts that show he or she has no legal claim. *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011). This includes not only the facts alleged within the complaint, but also the facts from documents that were incorporated into the pleadings. *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992). If the plaintiff voluntarily provides unnecessary facts in his or her complaint, those facts may be used to show that the plaintiff is not entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citations omitted).

### III. FACTUAL BACKGROUND

Plaintiff's claims arise from the forced eviction from her rental home. At this stage of the proceedings, the Court takes Plaintiff's well-pled allegations as true and draws all reasonable inferences in favor of the Plaintiff. On November 6, 2014, Plaintiff had a hearing in her divorce proceedings against Defendant Leigh. (Doc. 28 at 5). When she returned home, she discovered that the locks had been changed and

her key did not work. (Doc. 28 at 5). Plaintiff then called the Putnam County Sheriff's Department and informed them that she needed their help to get into the house. (Doc. 28 at 6). Officer Physcia responded that if it was her house, she should break the window and go in. (Doc. 28 at 6).

On November 8, 2016, Plaintiff returned to the house with her sister and cousin. (Doc. 28 at 7). A locksmith, whom Plaintiff had contacted, was unable to meet them in the morning, so Plaintiff left for lunch. (Doc. 28 at 7). As she was leaving, she noticed a sheriff's car following her. (Doc. 28 at 7). She pulled her vehicle over and the officer approached her window. (Doc. 28 at 7). The officer informed her that he had received a call that she was trying to break into the house. (Doc. 28 at 7). Plaintiff took the officer's recorder and stated her name and that it was her home. (Doc. 28 at 8). The officer then informed her that he would meet her at the house after lunch. (Doc. 28 at 8).

When Plaintiff returned that afternoon, Officer Kasenski was waiting. (Doc. 28 at 8). He informed Plaintiff that Defendant Mucci had called him and told him that he owned the property and had eviction papers for Plaintiff. (Doc. 28 at 8). Officer Kasenski informed Plaintiff that he had orders to remove Plaintiff's goods from the home. (Doc. 28 at 8). The officer proceeded to remove Plaintiff's goods as she identified them. (Doc. 28 at 8). While moving, Plaintiff noticed that her "357 gun" and $5,000 in cash were missing from her possessions in the house. (Doc. 28 at 8). Plaintiff alleges that Defendants violated her due process by forcibly evicting her from her home and without the proper documentation, according to Forcible Entry and Detainer Act, 735 Ill. Comp. Stat. 5/9-101.

4

**IV. DISCUSSION**

Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff's filing was untimely. Under Illinois law, § 1983 lawsuits are governed by a two-year limitations period that applies to all personal injury torts. *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997). Plaintiff was evicted from her house when the locks on her doors were changed which occurred on November 6, 2014. *See Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co.*, 976 F.2d 1037, 1040 (7th Cir. 1992) (explaining that the plain and ordinary meaning of eviction "denote[s] actions taken by landlords with the intent to deprive tenants of their right to occupy or enjoy leased premises") (citing *Zion Indus., Inc. v. Loy*, 361 N.E.2d 605, 608 (Ill. App. 1977)). Therefore, Plaintiff had until November 7, 2016 to file her Complaint.[1] Her Complaint was filed on November 8, 2016, which is beyond the applicable statute of limitations. (Doc. 1).

The issue of timeliness is an affirmative defense, rather than a jurisdictional requirement. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982). Therefore, the court does not typically address it while screening a complaint, but rather, waits for a defendant to raise timeliness as an affirmative defense. *Calvin v. Sub-Zero Freezer Co.*, No. 16-cv-552-JDP, 2016 U.S. Dist. LEXIS 108995, at *5 (W.D. Wis. Aug. 17, 2016) (citing *E.E.O.C. v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 596 (7th Cir. 2009)). However, the United States Court of Appeals for the Seventh Circuit has instructed district courts to invoke affirmative defenses on behalf of defendants, who have not

---

[1] The Court notes that November 6, 2016 was a Sunday. Therefore, pursuant to Federal Rule of Civil Procedure 6, Plaintiff's time to commence the action was automatically extended to the following Monday.

5

had the chance to do so, only if it is plain from the language of the complaint that the affirmative defense renders the suit frivolous. *Id.* (citing *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002)). The untimeliness of the complaint is sufficient reason for this Court to dismiss the action.

But even if Plaintiff's Complaint was timely, the additional facts she has provided make it clear that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's Complaint against Defendants Mucci and Leigh fails to state a claim because Plaintiff fails to allege sufficient facts to plausibly assert that they are state actors. In order to assert a claim under § 1983, there must be "state action." *Allen v. Chase Home Fin. LLC*, No. 10-C-8270, 2011 U.S. Dist. LEXIS 99359, *10 (N.D. Ill. Sep. 2, 2011) (dismissing a § 1983 complaint for wrongful eviction against a landlord who used a local sheriff's department to evict plaintiff) (citing *Wade v. Byles*, 83 F.3d 902, 904 (7th Cir. 1996)). A plaintiff suing private entities under § 1983 claims must show that their actions are fairly attributable to the state. *Obi v. Chase Home Fin., LLC*, No. 10-C-3154, 2010 U.S. Dist. LEXIS 123201, *16 (N.D. Ill. Nov. 19, 2010). "A plaintiff could show (1) the state commanded or encouraged the action, (2) the private entities were acting jointly with the state, (3) the state and the private entity had a symbiotic relationship, or (4) the private entity was performing a public function." *Id.* (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823-24 (7th Cir. 2009)).

However, Plaintiff does not allege anything of the sort. The only state interaction the Plaintiff alleges is that Defendant Mucci called the Sheriff's Office and told them that she had been evicted and that he would provide the paperwork on

6

the following Monday. However, "[p]rivate actors do not act under the color of the law merely by requesting the assistance of the law, even when they may not have the grounds to do so. A conspiracy to violate a plaintiff's constitutional rights must exist." *Mumm v. Wetter*, No. 05-C-6149, 2006 U.S. Dist. LEXIS 2039, *10-11 (N.D. Ill. Jan. 20, 2006); *see also Proffitt v. Ridgway*, 279 F.3d 503, 508 (7th Cir. 2002); *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989). This means that Plaintiff had a duty to plead facts that shows the Defendants had an agreement to deny Plaintiff her civil rights. Plaintiff's allegation that Defendant Mucci used the Sheriff's Department to enforce an eviction notice that he never had is not sufficient to transform him into a state actor. Plaintiff alleges no facts that would plausibly support that there was a conspiracy between the Sheriff's Department and Defendant Mucci. She has not pled anything to reasonably conclude the Sheriff Department's officers had any idea that they were taking part in an illegal eviction.

Additionally, Plaintiff provides no allegations that Defendant Leigh interacted with the Sheriff's Department at all. Therefore, Plaintiff provides no plausible support for considering Plaintiff Leigh a state actor. Plaintiffs Leigh and Mucci may have violated state law; but Plaintiff has not alleged enough to support § 1983 liability against these private individuals.

Lastly, Plaintiff has not alleged facts to support a claim against the Sheriff's Department. As a municipality, the Sheriff's Department cannot be liable for the actions of its agent through a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality may be liable under a § 1983 claim if its actions amount to an "official custom or policy." *City of Canton v. Harris*, 489

U.S. 378, 387 (1989). An official policy or custom may be proven via three methods: (1) an express policy of the municipality, (2) a practice that is so widespread and permanent that it is considered a custom or usage of the municipality, or (3) the actor is a person with final policymaking authority in the municipality. *Wragg v. Vill. of Thornton*, 604 F.3d 464, 468 (7th Cir. 2010) (internal citations omitted). Plaintiff has not alleged any facts that would support liability of the Sheriff's Department. Plaintiff did not allege that the Sheriff's Department changed her locks or threatened to arrest her if she did not leave the house. Nor has she alleged that the Sheriff Department has a policy, custom or practice of enforcing illegal evictions. Plaintiff's only allegation is that the Sheriff's Department removed her personal goods after being informed that there was an eviction notice against her.

V. CONCLUSION

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. §1915(e), the Court finds that Plaintiff's claims are untimely and that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's Complaint (Doc. 1) is dismissed in its entirety with prejudice. All pending motions (Docs. 15, 21, 26, and 29) are DENIED AS MOOT. CASE TERMINATED.


Entered this __18th__ day of April, 2017.

                                             s/ Joe B. McDade
                                             JOE BILLY McDADE
                                             United States Senior District Judge